

**ORDERED in the Southern District of Florida on April 20, 2010.**

_____
A. Jay Cristol, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

PROCEEDINGS UNDER CHAPTER 13
CASE NO. 07-14968-BKC-AJC

In Re:

BERNADETTE GONZALES,

    Debtor.
_____/

### MEMORANDUM DECISION SUSTAINING DEBTOR'S OBJECTION TO CLAIM 12-1 AND GRANTING MOTION TO DETERMINE SECURED STATUS, AND MOTION TO AVOID LIEN OF THE NORTHGATE CONDOMINIUM ASSOCIATION, INC.

THIS MATTER came before the Court upon Debtor, Bernadette Gonzales' (the "Debtor") Objection to Claim 12-1 and 13-1 [DE 177] and Motion to Value Collateral in Plan, Motion to Determine Secured Status, and Motion to Avoid Lien [DE 175] as to The Northgate Condominium Association, Inc. ("Northgate").

*Undisputed Facts*

On June 27, 2007 (the "Petition Date"), the Debtor filed a petition for relief under Chapter 13 of title 11 of the Bankruptcy Code in this case. Debtor's Schedule A reflects that

1

Debtor resides at and holds title to a townhouse located at 1701 N.E. 115th St., #18A, Miami, Florida (the "Property"). The Property is encumbered by a first mortgage and it appears the parties do not dispute that the first mortgage exceeds the value of the Property and is therefore undersecured.

Northgate filed a secured claim, Claim 12-1, in the amount of $21,448.54. It also filed what appears to be a duplicate secured claim, Claim 13-1, in the amount of $21,448.54. Both claims purport to be based on "condominium assessment dues." Attached to the proofs of claim is a register of monthly amounts outstanding to substantiate the claim.

The parties agree that Northgate filed a document styled a "claim of lien" post-petition on September 20, 2007 in the Official Records of Miami-Dade County, Florida at book 25939 at page 4035. Northgate also filed a "claim of lien" on June 13, 2006 in the Official Records of Miami-Dade County, Florida at book 24626 at page 4255.[*]

Debtor objects to the claim seeking to (1) strike Northgate's Claim 12-1 on the grounds that it is superseded and duplicated by Claim 13-1 and (2) modify Northgate's Claim 13-1 and allow it as wholly unsecured. The Motion to Value Collateral in Plan, Motion to Determine Secured Status, and Motion to Avoid Lien seeks to value the Property, determine Northgate's secured status and to "strip off" or cancel its lien. The Debtor contends that Northgate's claim should be "stripped off" pursuant to 11 U.S.C. §506, as the amount owed to the first mortgagee exceeds the value of the Property, and the association's claim is admittedly inferior to the claims of the first mortgagee. Debtor asserts Northgate has a wholly unsecured claim. In response,

---

[*] Northgate and Banco Popular North America additionally entered into a "collateral assignment of right to collect assessments and assignment of lien rights" which was recorded on February 18, 2007 in the Official Records of Miami-Dade County, Florida at book 25377 at page 3248; but, contrary to the Debtor's suggestion, and pursuant to the language in the assignment itself, this assignment did not affect Northgate's rights and ability to collect assessments and enforce any liens.

2

Northgate argues that inasmuch as the condominium's claim of lien is secured by the debtor's principal residence, 11 U.S.C. §1322(b)(2) prohibits modification of the condominium association's lien rights.

*Analysis*

Initially, the Court sustains the objection to Claim 12-1 and strikes same as a duplication. It appears from Northgate's submissions that it is pursuing only one claim in the total amount of $21,448.54. It further appears that Claims 12-1 and 13-1 are actually duplicate copies of the same document. Thus, it appearing there is no dispute as to the duplication of Northgate's claim, this Court grants the Debtor's motion to strike Claim 12-1 as being superseded by Claim 13-1.

In the remaining Claim 13-1, Northgate asserts it holds a secured claim based upon a lien for condominium assessments. Upon review of Claim 13-1 and the undisputed facts, it appears Northgate's lien is wholly unsecured and, as the Court has previously held in *In re Baez*, 11 U.S.C. §1322 does not prevent the stripping of a wholly unsecured lien on property. As such, any lien arising from the Northgate's assessments may be avoided.

The parties do not dispute that, for the purposes of the motion before the Court, the value of Debtor's home ("Property") is $140,000.00 and Northgate's lien is junior to the first priority mortgage on the Property held by Aurora Loan Services, LLC in the amount of $144,654.64.

Section 506(a) of the Bankruptcy Code defines the secured and unsecured components of debts according to the value of the underlying collateral. *Tanner v. FirstPlus Financial, Inc. (In re Tanner)*, 217 F.3d 1357, 1358 (11th Cir. 2000). Section 506(a) provides in pertinent part:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest…is a secured claim to the extent of the value of each such creditor's interest in the estate's interest in such property…and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim.

In the instant case, because the Property is valued at $140,000.00 and Aurora holds the first mortgage in an amount undisputedly in excess of that, Aurora holds a secured claim on the Property, and the value of the Property is setoff by the amount of Aurora's claim. 11 U.S.C. §506(a). Applying Section 506(a), there is no value remaining in the Property after Aurora's claim is setoff. Therefore, Northgate, admittedly inferior to Aurora, holds a wholly unsecured claim and has the status and rights of an unsecured creditor.

The Court concludes that Northgate does not have a secured claim under 11 U.S.C. §506(a), as the plain language of the statute specifies a lien on the Property is secured only to the extent of the value of the Property. Because the Property's value is only $140,000.00 and there is a pre-existing priority secured claim held by Aurora Loan Services, LLC for over $140,000.00, there is no value left in the Property to be secured by Northgate's lien.

In addition, section 1332(b)(2) defines the rights of the Chapter 13 Plan to adjust the Debtor's liabilities. Section 1332(b)(2) of the Bankruptcy Code provides in pertinent part:

> Subject to subsections (a) and (c) of this section, the plan may…modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims. 11 U.S.C. §1332(b)(2) (2008).

Accordingly, Northgate's claim is not subject to the anti-modification provisions of 11 U.S.C. §1332(b)(2), as the statute only applies to *secured* claims with an interest in real property that is the debtor's principal residence. As Northgate's claim is not secured by the value of the Property, its rights may be modified under the Chapter 13 plan. While Northgate relies on Florida Statute 718.116(1)(a) to propose that its association lien is given special preference as a secured claim in bankruptcy proceedings, the aforementioned statute only addresses the secured status of condominium association liens in state foreclosure proceedings or proceedings

4

involving transfers of deeds in lieu of foreclosure and does not directly apply to prevent the strip off of unsecured liens in bankruptcy proceedings.

However, Florida Statute 718.116 does provide a statutory right to be paid a certain sum by the first mortgagee. Florida Statute 718.116 provides condominium associations special treatment, to some extent, for association liens, and, the Court believes that, to the extent that Florida law provides for the payment of certain outstanding assessments from a mortgagee upon foreclosure, to wit, the lesser of six months of unpaid condominium assessments or one percent (1%) of the original mortgage, regardless of whether there's equity in the property, authority should not be exercised to extinguish or avoid that certain amount of condominium assessments for which a mortgagee would be responsible. To do otherwise would unfairly provide the mortgagee, a non-debtor, the benefit of the Bankruptcy Code's avoidance powers.

In Florida, condominium associations have greater protections. Florida law specifically holds that a condominium association's lien is superior to that of a second mortgagee. *Garcia v. Stewart* 906 So.2d 1117 (Fla. 4th DCA, 2005). Florida Statute 718.116(1)(a) provides:

> A unit owner, regardless of how his or her title has been acquired, including by purchase at a foreclosure sale or by deed in lieu of foreclosure, is liable for all assessments which come due while he or she is the unit owner. Additionally, a unit owner is jointly and severally liable with the previous owner for all unpaid assessments that came due up to the time of transfer of title. This liability is without prejudice to any right the owner may have to recover from the previous owner the amounts paid by the owner.

Sections (1) and (2) of section 718.116(1)(b) impose and limit liability as follows:

> The liability of a first mortgagee or its successor or assignees who acquire title to a unit by foreclosure or by deed in lieu of foreclosure for the unpaid assessments that became due prior to the mortgagee's acquisition of title is limited to the lesser of:
>
> 1. The unit's unpaid common expenses and regular periodic assessments which accrued or came due during the 6 months immediately preceding the acquisition of title and for which payment in full has not been received by the association; or

  2. One percent of the original mortgage debt. The provisions of this paragraph apply only if the first mortgagee joined the association as a defendant in the foreclosure action. Joinder of the association is not required if, on the date the complaint is filed, the association was dissolved or did not maintain an office or agent for service of process at a location which was known to or reasonably discoverable by the mortgagee."

In the case *sub judice*, and pursuant to the provisions of the foregoing statute, regardless of the value of the homestead property, and even assuming that a first mortgagee is granted relief from the automatic stay and is entitled to proceed to foreclosure, pursuant to Florida Statute 718.116, at a minimum the condominium association is entitled to the lesser of six months of unpaid condominium assessments or one percent (1%) of the original mortgage **even if the first mortgagee becomes the owner of the subject property** and even if there is no equity in the property whatsoever. Therefore, a condominium association's right to be paid under Florida Statute 718.116 cannot be completely avoided because a portion of what is owed to the association in unpaid assessments is part of the secured claim of the first mortgagee, to be paid for by the first mortgagee or whoever obtains title to the property at a foreclosure sale. Indeed, Florida Statute 718.116 specifically states that if the first mortgagee obtains title to the unit, the association may file a claim of lien against the first mortgagee for the statutory amounts owed, 30 days after the certificate of title is issued.

Accordingly, it is

**ORDERED AND ADJUDGED as follows:**

1. Northgate's Claim 12-1 is stricken, as it is duplicated and superseded by Claim 13-1.

2. Northgate's claim 13-1 is allowed as an unsecured claim in this bankruptcy case. Claim 13-1 indicates the claim is in the amount of $21,448.54; if that amount is

contested, the parties shall obtain a date from the Courtroom Deputy Clerk and schedule an evidentiary hearing to determine the amount of the claim.

3. Nothing in this Order is intended to impact any statutory right of Northgate to be paid the lesser of six months of unpaid condominium assessments or one percent (1%) of the original mortgage by the first mortgagee, or whoever acquires the property at a foreclosure sale, pursuant to Florida Statute 718.116.

# # #

Copies furnished to:

Jordan E. Bublick
Attorney for Debtor
11645 Biscayne Blvd., Suite 208
Miami, FL  33181-3158
Tel.: (305) 891-4055
Fax: (786) 524-3886
Email: jbublick@bublicklaw.com

(Atty. Bublick is directed to serve a copy of this order on all creditors and interested parties upon receipt of this order.)